Filed 4/17/14  P. v. Samano CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALFREDO SANCHEZ SAMANO,<br><br>    Defendant and Appellant. | F065801<br><br>(Super. Ct. No. CRM21924B)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Jeffrey Cunan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Gomes, J. and Peña, J.

## INTRODUCTION

On May 2, 2012, appellant, Alfredo Sanchez Samano, was charged in an information with first degree burglary of an inhabited dwelling (Pen. Code, § 459). On June 28, 2012, a jury trial commenced. On July 5, 2012, the jury found appellant guilty of first degree burglary. On September 12, 2012, the trial court sentenced appellant to state prison for two years. Appellant was ordered to pay restitution of $1,355.59 to the victims, as well as other fines and fees, including a restitution fine of $960. Appellant was granted 200 days of custody credits for actual time in jail prior to sentencing and 200 days of conduct credits for total custody credits of 400 days.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## FACTS

At 3:15 a.m., on March 17, 2012, Officer Ramon Ruiz of the Merced Police Department received a dispatch of a burglar alarm at an address in the 1000 block of Robinson Drive. When Ruiz arrived at the scene, he saw a small truck pulling away from the residence and radioed for his backup, Officer Fernando Flores, to follow the truck. Flores made a U-turn and immediately turned around to follow the truck. Ruiz was making a U-turn to follow Flores in pursuit of the truck until he noticed the front door of the residence was kicked in, the lights were all on, and Ruiz could see someone in the house.

The man inside the house saw Officer Ruiz and started running from side to side toward the end of the hallway, bolting for the front of the house, and ran out the front door. Ruiz yelled, "police," ordered the man to stop, and activated his siren. Ruiz's patrol vehicle lights were already activated. The man continued running from the house, through the neighbor's yard next door, and then out of sight. The man was wearing a

black jacket, blue jeans, and he was either a White or Hispanic male adult. Ruiz identified appellant as the man he saw that night.

Shortly after losing sight of appellant, Officer Ruiz was notified that Officer Brian Rinder had detained a suspect nearby matching Ruiz's given description. When Ruiz arrived at the scene of the detention, he identified appellant as the man who had run from the residence on Robinson Drive.

When Officer Ruiz returned to the residence, every room and the closets had been completely ransacked. The codefendant, Enrique Inzunza, who was driving the truck Ruiz had seen leaving the house, was found to have items stolen from the house. Officer Rinder testified that after receiving Ruiz's call, he searched the neighborhood in the area Ruiz had seen appellant and saw a Hispanic male, later identified as appellant, hiding in a bush. Appellant tried to run away and jump a fence, but Rinder yelled for him to stop. Appellant was found hiding under a nearby truck. After refusing to come out from under the truck, Rinder shot him with his taser and appellant was arrested.

The son of the homeowners, Jeremy Gose, testified that his parents were out of town and he was entrusted with caring for their home. Prior to the burglary, the home had been secured and locked. As Gose went through the house with investigating officers, he saw a variety of newly damaged things and missing items. Gose described the damage as looking like a tornado went through the house. Homeowner, Tracy Gose, identified a number of stolen items retrieved from the pickup truck, including her jewelry.

Officer Flores testified that he conducted the stop of the pickup truck when he saw it completely blacked out, with no lights on. When Flores attempted to stop the truck, the driver took off, resulting in a high-speed chase. When the driver, Inzunza, stopped the truck, Flores removed him from the truck at gunpoint. The truck was registered to appellant's father, with whom appellant resided.

3

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on April 3, 2013, we invited appellant to submit additional briefing. To date he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.